UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In Re:                                                          Chapter 11

Midwest Oil of Minnesota, LLC.
                                                                Case File No.:  11-30319
                Debtor,

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECUSAL OF JUDGE ROBERT J. KRESSEL AND STAY OF
PROCEEDINGS PENDING RESOLUTION OF RECUSAL ISSUE, TO REMOVE
TRUSTEE KREUZIGER, OR IN THE ALTERNATIVE TO TRANSFER VENUE**

Midwest Oil of Minnesota, LLC (hereinafter referred to as "MWOM") by its attorney hereby submits this memorandum in support of its motion for recusal by Judge Robert J. Kressel, to stay proceedings pending a resolution of that matter, to remove Trustee Kreuziger, and/or in the alternative to transfer venue of case to Delaware.

**FACTUAL BACKGROUND**

MWOM filed a voluntary Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware in Case No. 09-10880-KG as part of a group filing with other related entities, including its parent company. Such filing became consolidated under Case No. 10-10876-KG and involved the assets, liabilities, and issues of all the related entities. The consolidated bankruptcy filing was dismissed on September 22, 2009 without prejudice.

The debtors appealed the September 22, 2009 Order. The appellate decision, issued on May 24, 2010 by the United States District Court for the District of Delaware, affirmed the September 22, 2009 dismissal. The joint debtors filed a consolidated appeal of the District Court's decision to the 3rd Circuit. On July 26, 2010, MWOM withdrew from the appeal that is pending in the 3rd Circuit.

1

On July 26, 2010, Debtor MWOM filed a voluntary petition under Chapter 11 of the Bankruptcy Code in Minnesota in an attempt to obtain financial relief and preservation through reorganization. Debtor continued to operate its properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On August 9, 2010 Debtor MWOM filed its schedules.

Thereafter, before any committee of unsecured creditors had been established and before the occurrence of a 341 meeting, on August 12, 2010, US Trustee Kreuziger filed a motion for expedited hearing and a motion to convert or in the alternative dismiss this case pursuant to 11 U.S.C. § 1112(b).

The hearing date on the motion was set for Wednesday, August 18, 2010 a mere six days from the date of filing of the Motion to Dismiss. Pursuant to Federal Rules of Bankruptcy Procedure 2002, Debtor MWOM was entitled to a 21 day notice of Kreuziger's motion to dismiss absent a court order to the contrary.

The insinuations and accusations set forth in Trustee Kreuziger's motion to convert or dismiss along with the timing of his motion revealed he is definitely not a disinterested party. US Trustee Kreuziger did not even make a single effort to review Debtor's case and financial information to determine its change of circumstances. Rather than waiting for the 341 meeting to get evidence of Debtor regarding its financial circumstances, Trustee Kreuziger filed his motion based upon speculation, and with venom, he went after Debtor based upon his personal biases.

Debtor filed its timely objections to the U.S. Trustee's motion – responding to the various demeaning and sarcastic comments and false accusations made by the U.S. Trustee Kreuziger.

Judge Kressel presided at the hearing on the U.S. Trustee's shocking and untimely motion without any comment regarding the U.S. Trustee's failure to follow procedures.

Judge Kressel obviously upholds his Catholic religion before his duty to law and country. Before he entered the courtroom, he had already made up his mind what he was going to do with Debtor's case. He had pre-aligned himself with the U.S. Trustee and entered the courtroom with his decision already showing in his face. He proceeded to allow the attorney for creditor Vermillion Bank to launch into and freely throw out his unfounded speculations and opinions before the court. Alternately between listening to the false and speculative accusations being made, Judge Kressel glared at Debtor and its attorney throughout the hearing. Once he had the opportunity, he berated Debtor's attorney for writing what he termed as the "worst brief ever" because of its sarcastic response to the trustee's false accusations and speculations. However, not one comment was made about the trustee's untimely motion filled with false accusations, unfounded claims, and demeaning comments. Nor was any attention given to the denial of due process to the debtor as required by law. Finally, Judge Kressel announced he was dismissing the case without any opportunity for Debtor to have the evidentiary hearing it was entitled to. In short, Judge Kressel demonstrated himself to be a believer of the negative propaganda against Debtor, a partial and biased judge with respect to Debtor, and a religious bigot.

MWOM re-filed its own individual Chapter 11 petition for bankruptcy on September 1, 2010 in Bankruptcy Court for the District of Delaware. After determining that Debtor needed to better its profit margins and obtain local counsel, that case was dismissed on December 20, 2010. Debtor believes it has adequately resolved those issues and has therefore re-filed this Petition for Chapter 11 hoping to reorganize its business dealings and resolve outstanding adversary claims before losing all opportunity to do so. Therefore, Debtor re-filed for Chapter 11 on January 19,

3

2011. Because Debtor had not yet been successful in retaining local counsel in Delaware, Debtor filed its case in District of Minnesota. Debtor has now successfully retained local counsel in Delaware. In the interests of justice and efficiency, this Court can simply transfer this matter back to Delaware to be administered in conjunction with its adversarial claims, which are still pending in District of Delaware.

## LEGAL ARGUMENT

**I.    Where the Court is likely to incorrectly assess the facts of this case and where Debtor believes this Court is partial based on actions at prior case hearing, Judge Robert J. Kressel should recuse himself from this matter to avoid any appearance of impartiality.**

In 1955, U.S. Supreme Court interpreted the Due Process Clause to provide to litigants the constitutional right to trial before judges that were free from bias and the appearance of bias:

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness.… Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way justice must satisfy the appearance of justice.

In re Murchison, 349 U.S. 133, 136 (1955).

A guarantee of an impartial judge is essential to a fair and effective judicial system. Ward v. Village of Monroeville, 409 U.S. 57, 62 (1972) (Constitution requires a neutral and detached judge); In re Murchison, 349 U.S. 133, 136 (1955). In addition to guarding against judicial bias-in-fact, Congress has been vigilant to ensure the "appearance of impartiality." H.R. Rep. No. 1453, 93d Cong., 2d Sess. 1, reprinted in 1974 U.S.C.C.A.N., 6351, 6354 ("House Report"). "[T]he protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system." Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1111 (5th Cir.), cert. denied, 449 U.S. 820 (1980) (quoting United States v. Columbia

4

Broadcasting Sys., Inc., 497 F.2d 107, 109 (5th Cir. 1974)); see also Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 865 (1988) ("it is critically important ... to identify the facts that might reasonably cause an objective observer to question [a judge's] impartiality"). The "appearance of impartiality is virtually as important" to the smooth functioning of a fair judicial system as is the fact of impartiality. Webbe v. McGhie Land Title Co., 549 F.2d 1358, 1361 (10th Cir. 1977).

Section 455 sets forth circumstances where recusal of a federal judge is appropriate and provides in relevant part as follows:

> (a)    Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)    He shall also disqualify himself in the following circumstances:
>     (1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ….

28 U.S.C. § 455.

Section 455(a) requires a United State judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(a), we consider whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case. Lunde v. Helms, 29 F.3d 367, 370 (8th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1111, 130 L.Ed.2d 1076 (1995); United States v. Poludniak, 657 F.2d 948, 954 (8th Cir.1981), *cert. denied*, Weigand v. United States, 455 U.S. 940, 102 S.Ct. 1431, 71 L.Ed.2d 650 (1982).

Subsection 455(b) spells out the circumstances in which a judge must disqualify himself because of his relation to participants in a case. The specific provisions at issue here are § 455(b)(1), which requires a United States judge to disqualify himself from a case if "he has a personal bias or prejudice concerning a party," and § 455(b)(5)(iii), which requires recusal if the

judge "or a person within the third degree of relationship to [him] ... [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." The interest described in § 455(b)(5)(iii) includes noneconomic as well as economic interests. Potashnick v. Port City Const. Co., 609 F.2d 1101, 1113 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980); Poludniak, 657 F.2d 948 at 954. Section 455(e) provides that a § 455(b) conflict cannot be waived.  28 U.S.C. § 455(b) and 455(e).

The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987).  Indeed, § 455(a) recognizes that the appearance of impartiality is so central to notions of justice that *any question* of bias is *sufficient to require recusal* under that section. See Liljeberg, 486 U.S. at 861 (requiring recusal even where judge was unaware of disqualifying circumstances).  Roberts v. Bailar, 625 F.2d 125, 129 (6th Cir. 1980) (disqualification required even where question is close); Potashnick, 609 F.2d at 1111 ("[a]ny question of a judge's impartiality threatens the purity of the judicial process and its institutions").

Under either possible applicable federal statute, recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *See* 28 U.S.C. § 144; 28 U.S.C. § 455(a).  Where a judge's opinions are based on facts introduced or events occurring in the course of the current proceedings, those opinions do not necessarily warrant recusal unless a judge displays a deep-seated favoritism or antagonism that would make fair judgment impossible. United States v. Sypolt, 346 F.3d 838, 839 (8th Cir.2003) (internal marks omitted), *cert. denied,* 540 U.S. 1209, 124 S.Ct. 1484, 158 L.Ed.2d 134 (2004); Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).  Additionally, in Liteky v.

6

United States, the United States Supreme Court also noted that an inquiry into the source of bias or prejudice is unnecessary for if there is any appearance of partiality, recusal is required.  Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

For purposes of § 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or the party's counsel. This is so because § 455(a)concerns not only fairness to individual litigants, but, equally important, it concerns "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted."  In re School Asbestos Litigation, 977 F.2d 764, 776 (3d Cir.1992) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60, 108 S.Ct. 2194, 2202-03, 100 L.Ed.2d 855 (1988); H.R.Rep. No. 93-1453, 93d Cong., 2d Sess. 5 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6355 [hereinafter "House Report"]. To achieve its highest function, "justice must satisfy the appearance of justice."  School Asbestos Litigation, 977 F.2d at 782 (quoting In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955)).

Legislative history also confirms this standard.  The instruction to which we adhere "is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." House Report, reprinted in 1974 U.S.C.C.A.N. at 6351, 6355.  Protecting important institutional values against the appearance of partiality does not require us to affix blame.  Rather, the appropriate--and the only--inquiry to which we must respond is "whether a reasonable person, knowing all the acknowledged circumstances, might question the district court judge's continued impartiality." Lunde v. Helms, 29 F.3d at 370; Poludniak, 657 F.2d 948 at 954; School Asbestos Litigation, 977 F.2d at 781.

7

The Third Circuit concluded in Alexander that "because public confidence in the judicial system mandates, at a minimum, the appearance of neutrality and impartiality in the administration of justice, we will issue a writ of mandamus, in the exercise of our supervision over the district court, see Haines v. Liggett Group Inc., 975 F.2d 81, 97-98 (3d Cir.1992), directing: (1) no further proceedings in this case take place before Judge Lechner; and (2) that the Chief Judge order the Clerk of the District Court of the District of New Jersey to reassign this case to another district court judge". Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 157 (3rd Cir. 1993)

In that case the petitioners sought to have the Judge disqualify himself pursuant to 28 U.S.C. § 455(a), claiming that, at the least, the judge had displayed the appearance of partiality. They charged that, among other things, the judge had given undue weight to Forms A & B, when at that stage of the proceedings only a few of the class of retirees may have signed the particular forms. Moreover, the petitioners emphasized that the prejudgment of this issue by the judge could be deemed virtually conclusive with respect to the disposition of the case because the judge would be the sole trier of fact. Alexander, 10 F.3d at 161. The Court in Alexander concluded that "the outcome of the case 'would be shrouded [in] suspicion' if the judge from whom recusal was sought was to continue to preside as trier of the fact. This is not to say that the record discloses actual bias on Judge Lechner's part. Quite to the contrary, we have made, and make, no such determination. What we do decide, however, is that the record suffices to establish that Judge Lechner's impartiality may reasonably be questioned." Alexander, 10 F.3d at 161; School Asbestos Litigation, 977 F.2d at 785.

Similarly, the appellate court In re Prudential Insurance held that "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under §

8

455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.". In re Prudential Ins. Co. of America Sales Practices Litigation, 148 F.3d 283, 343 (3d Cir. 1998).

Doubts about Judge Kressel's impartiality with respect to this debtor are indeed reasonable where he has already previously denied this debtor's its due process by dismissing its case without hearing based on the shocking and premature motion of an overly, zealous U.S. Trustee.  Moreover, Judge Kressel did not even bother to issue a written Order providing any analysis for its decision.

### A. The language of 28 U.S.C. § 455(a) supports an interpretation that any reasonable question as to a judge's impartiality, regardless of source, requires disqualification.

The plain language of § 455(a) requires recusal any time that the statutory criteria are met. Poludniak, 657 F.2d 948 at 954; Liljeberg, 486 U.S. at 861; Potashnick, 609 F.2d at 1111. The text of § 455(a) does not purport to limit this requirement to situations where an appearance of bias arose outside a court room. Cf. Liljeberg, 486 U.S. at 859 ("[t]o read § 455(a) to provide that the judge must know of the disqualifying fact, requires ... ignoring the language of the provision-which makes no mention of knowledge"). Furthermore, Congress's choice of certain words in drafting § 455(a) reflects its desire to abandon the extra-judicial source requirement of § 144.

"[U]se of the word 'might' in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." Poludniak, 657 F.2d 948 at 954; Potashnick, 609 F.2d at 1111. In § 455(a), Congress clearly did not intend to limit the circumstances which require recusal to those which occur in an extra-judicial setting.

9

Importantly, § 455(a) does not include language which requires a "personal bias or prejudice." 28 U.S.C. § 455(a). The absence of the modifier "personal" in § 455(a) is significant because Congress amended that section in light of the long line of cases holding that "personal," as used in § 144, implied "extra-judicial." United States v. Coven, 662 F.2d 162, 167-68 ( 2d Cir. 1981), (citing Grinnell Corp., 384 U.S. at 583 and United States v. Bernstein, 533 F.2d 775, 785 (2d Cir.), cert. denied, 429 U.S. 998 (1976)).

Congress's decision not to require personal bias for the purposes of § 455(a) reflected a calculated decision to expand the scope of recusal and to abandon the extra-judicial source requirement. Consistent with this interpretation, the text of § 455(a) is sweeping, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  This broad language reflects Congress' desire to avoid the appearance of bias, regardless of the setting in which it rears its head. United States v. Chantal, 902 F.2d, 1023-24, (1st Cir. 1990).

Section 455(a) reflects Congress' intent to ensure that all parties receive a fair trial, free of any appearance of judicial bias. See Liljeberg, 486 U.S. at 860. The amendments to § 455(a) liberalized the recusal process significantly.  Leading commentary also confirms this as demonstrated in the following:

> "[t]here should be no room in [the recusal statutes] for the concept of harmless error to apply, nor for arguments to be made that the judge in fact acted in an impartial manner. The disqualification statutes are mandatory and the failure of a judge to step aside if he is indeed disqualified under one of the three statutes should always require reversal." 13A Charles Wright,  Arthur Miller & Edward Cooper, Federal Practice and Procedure, § 3553 at 657 (2d ed. 1984).

The legislative history therefore indicates that a judge should without question recuse himself and step aside if there is ANY question regarding his impartiality.  Such a question has nothing

to do with the judge's capabilities but is simply a matter of preserving a justice system free from any appearance of judicial bias.

The Third Circuit has made it clear that "a judge's participation in a case must never reach the point where it appears, or is even perceived to appear, that the judge is aligned with any party in the pending litigation." Alexander v. Primerica Holdings, Inc., 10 F. 3d 155, 166 (3rd Cir. 1993). Throughout the prior case filed in Minnesota, the U.S. Trustee filed a motion to dismiss within fourteen days of Debtor's filing for bankruptcy in August 2010, Judge Kressel repeatedly demonstrated his partiality against the Debtor.

Judge Kressel already made up his mind what he was going to do with Debtor's case before he entered the courtroom with his decision already showing in his face. Perhaps most telling is the fact that Judge Kressel refused to grant Debtor an evidentiary hearing on the trustee's motion to dismiss as it was entitled to. The Trustee was not required to follow the notice procedures. In fact, despite Debtor's objections, the Trustee was not required to follow any legality whatsoever. Judge Kressel is apparently a believer of the false and negative propaganda against Debtor – thereby revealing his partiality and improper bias as a judge. There was no question that he had crossed the line from impartial judge to bigotry.

Judge Kressel allowed the attorney for creditor Vermillion Bank to launch into and freely throw out his unfounded speculations and opinions before the court. In between listening to the false and speculative accusations being made, Judge Kressel glared at Debtor and its attorney throughout the hearing. Once he had the opportunity, he berated Debtor's attorney for writing what he termed as the "worst brief ever" because of its sarcastic response to the trustee's false accusations and speculations. However, not one comment was made about the trustee's untimely motion filled with false accusations, unfounded claims, and demeaning comments.

Despite the fact that Debtor presented clear evidence that the speculations and allegations by the U.S. Trustee were false and erroneous, Judge Kressel totally disregarded Debtor's evidence and aligned himself with the U.S. Trustee. Judge Kressel demeanor, ruling, and conduct in the courtroom, and violations of Debtor's due process rights made is clear that Judge Kressel is biased against this Debtor.

**II.     The proceedings in this matter should be stayed pending resolution of this motion.**

District courts enjoy broad discretion to stay proceedings. Bocciolone v. Solowsky, 2008 U.S. Dist. Lexis 59170 (S.D. Fla. 2008). District "courts have inherent power to manage their dockets and stay proceedings." Roblor Marketing Group, Inc. v. GPS Industries, Inc., 2008 U.S. Dist. Lexis 10359, *14 (S.D. Fla. 2008). Stays are appropriate to promote judicial economy. Sosa v. Hames, 2006 U.S. Dist. Lexis 29849, *2 (S.D. Fla. 2006). Stays are warranted until the issue of disqualification is resolved. See Jones v. United States, 2008 U.S. Dist. Lexis 49341 (S.D. Fla. 2008); Hermann v. Gutterguard, 2008 U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

Debtor seeks through their Motion to have this matter and future cases re-assigned to a different Judge based both upon the fact that the district Judge's impartiality could reasonably be questioned and based upon the district court's actual personal bias and prejudice against Debtor's counsel and Debtor. Hence, it would be inappropriate and a waste of judicial resources to proceed in this matter until the present Motion is decided. Furthermore, both basic fairness and judicial economy would be served by staying this action until the resolution of the instant Motion. See Jones v. United States, 2008 U.S. Dist. Lexis 49341 (S.D. Fla. 2008); Hermann v. Gutterguard, 2008 U.S. Dist. Lexis 22786 (N.D. Ga. 2008).

For these reasons, Debtor request that a stay of proceedings be entered in this matter pending resolution of this Motion.

**III.    Where the U.S. Trustee assigned to work with Debtor is NOT a Disinterested Party and where his bias causes injury to Debtor, such trustee should be removed from the case and replaced with a neutral trustee.**

Removal of a trustee is a matter committed to the sound discretion of the bankruptcy court. In re Miller, 302 B.R. 705, 708 (B.A.P. 10th Cir. 2003) (citing In re BH & P, Inc., 949 F.2d 1300, 1313 (3d Cir. 1991); In re Woods, 173 F.3d 770, 778 (10th Cir. 1999)).  Section 324(a) of the Bankruptcy Code provides in relevant part as follows:  the court, after notice and a hearing, may remove a trustee . . . for cause.  11 U.S.C. § 324(a).

What constitutes sufficient cause for removal is not defined in the Bankruptcy Code, but is instead left for the courts to determine on a case-by-case basis.  United States Trustee v. Repp (In re Sheehan), 185 B.R. 819, 822 (Bankr. D. Ariz. 1995); In re Haugen Constr. Serv., 104 B.R. 233, 240 (Bankr. D.N.D. 1989).  Causes for removal include situations in which the trustee is not disinterested or holds an interest adverse to the estate. In re Morgan, 573 F.3d 615 (8th Cir. 2009); In re Waller, 331 B.R. 489, 493 (Bankr. M.D. Ga. 2005) (quoting 3 Collier on Bankruptcy ¶ 324.02 (15th ed. rev. 2004)).  Some courts have found that removal can be based "not only [on] actual impropriety, but [on] the appearance of impropriety as well." See 3 Collier on Bankruptcy ¶ 324.02 at 324-4 (15th ed. rev. 2004), and cases cited therein.  Courts must also consider the best interest of the estate when determining whether to remove a trustee.  In re Sheehan, 185 B.R. at 824 (citation omitted). [573 F.3d 626]

Additional authority to remove a trustee is granted to the Court pursuant to 11 U.S.C. § 105(a) which states:

> (a)    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

13

11 U.S.C. § 105(a).

The trustee is a fiduciary of the estate. "When persons perform duties in administration of the bankruptcy estate, they act as 'officers of the court' and not private persons...As such, trustees...are held to high fiduciary standards of conduct." In re Evangeline Refining Co., 890 F.2d 1312, 1323 (5th Cir. 1989). The trustee of a bankruptcy estate is a "custodian" within the meaning of bankruptcy statute defining custodians as trustee, appointed to take charge of debtor's property for purpose of general administration of such property for benefit of debtor's creditors. 11 U.S.C. § 101(11)(c). Custodians or trustees "are creatures of the Bankruptcy Act". In re Red Carpet Corp. of Panama City Beach v. Miller, 708 F.2d 1576, 1578 (11th Cir. 1983). Nothing could be more important to the handling of a bankruptcy estate than the duty of those who are entrusted with its assets. Where Trustee Kreuziger's actions and attitude conveyed that he is most certainly NOT a disinterested trustee working on Debtor's case, cause to remove him from the case exists.

A trustee is the fiduciary of all of the creditors of a bankruptcy estate, but owes a primary duty to unsecured creditors." In re Lundborg, 110 B.R. 106, 109 (Bankr. D. Conn. 1990), citing In re Lapiana, 100 B.R. 998 (Bankr. N.D.Ill. 1989); In re Thu Viet Dinh, 80 B.R. 819 (Bankr. S.D. Miss. 1987). As such, a trustee may be liable for any losses resulting from a violation of these fiduciary duties, if the trustee's actions are not made with the degree and diligence and reasonable care required under the circumstances. Haugen, 104 B.R. at 240, citing Conn. Gen. Life Ins. v. Universal Ins. Co., 838 F.2d 612 (1 Cir. 1988); In re Rigden, 795 F.2d 727 (9th Cir. 1986) (trustee may be liable for willful and deliberate actions); Mosser v. Darrow, 341 U.S. 267, 272 (1951) (trustee not responsible for mistakes in judgment that are reasonable under the

14

circumstances); In re Freeport Italian Bakery, Inc., 340 F.2d 50 (2nd Cir. 1965) (breach of fiduciary duties and actual fraud may constitute cause for removal of trustee).

In most cases, the touchstone of the removal standard is proof by the party seeking removal that there has been some fraud or actual injury. See, e.g., In re Williams, 2003 WL 22871593 (Bankr. W.D. Tenn. June 3, 2003); In re Peckinpaugh, 50 B.R. 865, 867 (Bankr. N.D. Ohio 1985). Trustee Kreuziger's ongoing participation in this case did previously and will likely again impair and injure the fairness and justice that Debtor will be able to receive as the U.S. Trustee plays a key role in Debtor's case. Trustee Kreuziger's vicious attack without even evaluating the Debtor's situation at an initial interview or 341 meeting was entirely improper and inappropriate. This trustee must be replaced.

In the prior proceeding, Trustee Kreuziger deprived Debtor of its due process rights to an evidentiary hearing on the Motion to Dismiss. Trustee Kreuziger is an avid or voracious consumer of negative propaganda against this Debtor. The Motion to Dismiss filed in the prior case clearly demonstrated that the negative propaganda was the basis for his alleged facts. His scurrilous motion to dismiss in the prior case was filled with false, defamatory, and slanderous material. The motion in the present case was likewise filed before Debtor even participated in a 341 meeting. It is apparent that Trustee Kreuziger in an attempt to bolster his untimely motion, contacted various secured creditors in an attempt to obtain opinions negative to Debtor to bolster his claims. Trustee Kreuziger is aware of the litigation pending between Debtor and three of its secured lenders. In violation of his duty of candor, Trustee Kreuziger fails to mention this in his pleadings.

In summary, Trustee Kreuziger as a representative of the U.S Department of Justice, Trustee's Office, has certain duties and responsibilities. Trustee Kreuziger's course of conduct

15

has made it clear that he not complied with any of those duties or responsibilities. Trustee Kreuziger has caused the Debtor great harm. Had Trustee Kreuziger not engaged in such conduct last time, Debtor could have already filed a plan and the case could have been discharged from bankruptcy. Justice mandates that the case be reassigned to another representative of the U.S. Department of Justice.

**IV.  In the alternative, where Debtor has adversary claims pending in Delaware, transferring venue of this case to that bankruptcy court jurisdiction is in the interests of justice as provided in Bankruptcy Rule 1014(a)(1).**

Bankruptcy Rule of Procedure 1014(a)(1) provides as follows:

> If a petition is filed in a proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States Trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. Proc. 1014(a)(1).

A transfer under 28 U.S.C. § 1404(a) turns on considerations of convenience and the interest of justice and when granted, the transferee forum is required to apply the law of the transferor state. Ferens v. John Deere Co., 494 U.S. 516, 523, 110 S.Ct. 1274, 1279-80, 108 L.Ed.2d 443 (1990). The party moving for a change in venue must show by a preponderance of the evidence that the case should be transferred. In re Commonwealth Oil Refining Co., Inc., 596 F.2d 1239, 1241 (5th Cir.1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (hereinafter CORCO); In re Island Club Marina, Ltd., 26 B.R. 505, 507 (Bankr. N.D.IL 1983); In re Cole Associates, Inc., 7 B.R. 154, 157 (Bankr.D.Utah 1980). The resolution of a venue question is left to the sound discretion of the court based on its understanding of the requirements of the particular case in the context of chapter 11 reorganization. Matter of Landmark Capital Co. 19 B.R. 342 (Bankr.S.D.N.Y. 1982).

16

Debtor previously filed Chapter 11 in the District of Delaware. Presently, Debtor still has adversary actions against American Bank, Vermillion Bank, and William Dunnigan pending in bankruptcy court in the District of Delaware. (See adversary complaints against Vermillion Bank, William Dunnigan, and American Bank attached hereto as Exhibits A, B, and C). This case is familiar in that jurisdiction and the Delaware Court is intimately familiar with the details of this Debtor's case; however, Debtor did not have local counsel retained in Delaware on the date of filing this present petition. Therefore, Debtor was unable to file in District of Delaware on January 19, 2011. Debtor does now have local counsel in Delaware; therefore, in the alternative to granting Debtor's motions to remove and recuse, Debtor requests this Court to transfer the matter back to the District of Delaware so it can be handled in conjunction with its pending adversary cases and the pending cases of its affiliates. All interested parties in this case already have counsel representing them in Delaware also. Given the familiarity of the Delaware Court with this case, transferring the matter back to District of Delaware will not prejudice any parties involved.

## CONCLUSION

WHEREFORE, MWOM respectfully requests that Judge Robert J. Kressel recuse himself from this matter for the reasons set forth herein and send the case to the Clerk for reassignment to a different judge. MWOM further requests that U.S. Attorney Colin Kreuziger be removed from his role or association with this case and replaced by a different U.S. Trial Attorney.  In the alternative, this Debtor requests that this matter be transferred back to District of Delaware for administration and adjudication of its pending adversarial claim.  Finally, Debtor requests that all matters be stayed pending a resolution of these motions.

Dated: February 14, 2011

                              WESTVIEW LAW CENTER, PLC

                                /s/ Rebekah M. Nett
                            Rebekah M. Nett, ID No. 0299571
                            1303 South Frontage Road, Suite 1
                            Hastings, MN 55033
                            Telephone: (651) 437-3100
                            Facsimile: (651) 846-6414
                            ATTORNEYS FOR DEBTOR


[Signature page to Memorandum of Law in support of Motion for recusal of Judge Robert J. Kressel and stay of proceedings pending resolution of recusal issue, to remove Trustee Kreuziger, or in the alternative to transfer venue.]